**SEATTLE STEVEDORE COMPANY,**
Appellant,

v.

**COMPANIA MARITIMA and Maritime Company of the Philippines, Appellees.**

**No. 19914.**

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1967.

Rehearing Denied Feb. 15, 1967.

**10**

Jacob A. Mikkelborg, Douglas M. Fryer, Broz, Long & Mikkelborg, Seattle, Wash., for appellant.

Theodore A. LeGros, of Summers, Howard & LeGros, Seattle, Wash., for appellees.

Before CHAMBERS and KOELSCH, Circuit Judges, and THOMPSON, District Judge.

KOELSCH, Circuit Judge.

On July 20, 1963, the Seattle Stevedore Company was engaged in stowing cargo aboard the S.S. Manila pursuant to an oral contract with Compania Maritima and Maritime Company of the Philippines, the vessel's owner. "The cargo being loaded in the No. 5 'tween deck area was rolls of paper, uniform in diameter but of varying lengths ranging from 36″ to 52″ and weighing upwards to 2000 pounds each. This cargo was to be stowed on the round, two tiers high. The second tier of rolls was stowed without the use of any gear or equipment other than a single track made of hatchboards 12 inches in width. The floor or working surface on which Russell Sterling [one of the longshoremen employed by Stevedore] worked, consisting of the tops of the previously stowed rolls of paper, was uneven * * * there being a substantial valley from the crown of one roll to the crown of the adjacent roll. In moving a roll from the square of the hatch to the final resting place on the single track, the longshoreman lost control of the roll so that it tipped off the track crushing Russell Sterling * * *. Seattle Stevedore Company was in complete and exclusive control and charge of the method and manner in which the stow of cargo in the No. 5 'tween deck area was accomplished on this day. Through its foreman, it was fully aware of the conditions presented by the stow of cargo and directed the manner and provided the

gear used in the particular stowing operation * * *." [1]

Sterling brought suit against Maritime which impleaded Stevedore claiming indemnification. After Sterling prevailed Maritime's action was tried. This is an appeal by Stevedore from the ensuing judgment for Maritime.

Noting that Maritime's claim rests upon an alleged breach of Stevedore's implied warranty to perform the stevedoring work "properly and safely," [Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 133, 76 S.Ct. 232, 100 L.Ed. 133 (1956)] Stevedore contends that the judgment cannot stand because the district court failed to find on this critical issue.

■ Since Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed. 2d 732 (1964), there can be no reasonable doubt that the stevedore's implied warranty to the shipowner is governed by the same standard as and is coextensive with the shipowner's obligation to seamen and others in that category. There, the Court, in sustaining a judgment of indemnification for the shipowner against the stevedore, invoked the same test to determine whether the stevedore had breached his implied warranty of performance as it used in Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960) to determine whether a shipowner in a suit by a seaman had breached his duty to provide a seaworthy ship. Italia, 376 U.S. at 322, 84 S.Ct. at 753.[2]

■ Here, based upon the facts that the floor was uneven, that the rolls were heavy, and that only one track was used, the district court expressly found: "Because of the manner in which this work was conducted under the supervision of the stevedore foreman, the vessel was unseaworthy." These facts fully justify such a finding, which is tantamount to a finding of a breach of the Stevedore's implied warranty.

■ We hold that a stevedore who renders a vessel unseaworthy, by virtue of that very fact, breaches his warranty of workmanlike performance. And it makes no difference whether the unseaworthiness is caused by a failure "to furnish safe equipment" [Italia, 376 U. S. at 320, 84 S.Ct. at 752] or by a failure to stow goods "properly and safely." Ryan, 350 U.S. 124, at 133, 76 S.Ct. 232. Either is sufficient to prevent the vessel from being "fit for its intended use." Italia, 376 U.S. at 322, 84 S.Ct. at 753.

Affirmed.

---

1. This recital of facts is extracted from findings that are unchallenged by Stevedore.

2. And having done so, the Court unequivocally declared that:
   "Where the shipowner is liable to the employees of the stevedore company as well as its employees for failing to supply a vessel and equipment free of defects, regardless of negligence, we do not think it unfair or unwise to require the stevedore to indemnify the shipowner for damages sustained as a result of injury-producing defective equipment supplied by a stevedore in furtherance of its contracual obligations." Id. page 324, 84 S.Ct. page 754.